1 | DAVID A. WOLF, ESQ. (124460)
SUSAN L. SCHOENIG, ESQ. (91048)
2 | LAURA J. FOWLER, ESQ. (186097)
McDONOUGH HOLLAND & ALLEN PC
3 | Attorneys at Law
555 Capitol Mall, 9th Floor
4 | Sacramento, CA 95814
Phone: 916.444.3900
5 | Fax:   916.444.3249

6 | Attorneys for Prison Health Services, Inc.

7 | E-filing

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | MERYL BORDERS-HUMPHREY,                    ) No.      07    2516

12 |            Plaintiff,                    )
                                )   **NOTICE OF REMOVAL OF ACTION**
13 |     v.                    )   **UNDER 28 U.S.C. § 1441(b)**
                                  )   **(FEDERAL QUESTION)**
14 | PRISON HEALTH SERVICES, INC., and          )
DOES 1 through 10,                          )
15 |                                   )
           Defendants.                    )
16

17

18 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19 | PLEASE TAKE NOTICE that defendant Prison Health Services, Inc. does hereby remove to

20 | this Court the state court action described below, and in support thereof gives notice of the following

21 | facts:

22 | 1.      On March 1, 2007, an action was commenced in the Superior Court of the State of

23 | California in and for the County of Contra Costa, entitled Meryl Borders-Humphrey v. Prison

24 | Health Services, Inc., as Case Number C07 00376. A copy of the Complaint is attached hereto as

25 | **Exhibit A**.

26 | 2.      The first date upon which PHS received a copy of the Complaint was April 10, 2007,

27 | when PHS' registered agent was served with a copy of the Complaint and a Summons from the state

28 | court. A copy of the Summons is attached hereto as **Exhibit B**.

MHA
McDonough Holland & Allen PC
Attorneys at Law

1    3.    Removal is proper pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446, because this action
2 is a civil action of which this Court has and would have had original jurisdiction. One or more of
3 Plaintiff's claims are based on federal laws. In her Complaint, Plaintiff alleges a claim for relief
4 under the federal Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of
5 1964, both of which are federal statutes. In addition, Plaintiff alleges a separate cause of action
6 under the Equal Pay Act. While Plaintiff does not specify the statutory law upon which this claim is
7 based, she is presumably relying on the federal Equal Pay Act, codified at 29 U.S.C. § 206(d).

8    4.    As for Plaintiff's remaining claim for violation of the California Fair Employment and
9 Housing Act (Cal. Govt. Code § 12940), the Court has jurisdiction to adjudicate this claim under 28
10 U.S.C. § 1441(c). All three of Plaintiff's claims arise out of the same alleged operative facts – the
11 alleged wrongful termination of her employment. Indeed, the same general allegations of the
12 complaint support all three theories. For those reasons, the claims form part of the same case or
13 controversy, and this Court has supplemental jurisdiction to adjudicate any non-federal claims
14 pursuant to 28 U.S.C. § 1367(a).

15    5.    Upon information and belief, the documents attached hereto as **Exhibits A-D**
16 comprise all pleadings filed and served in this action and, as far as I know, comprise the entire state
17 court file.

18 DATED: May 10, 2007

19
                                        McDONOUGH HOLLAND & ALLEN PC
                                        Attorneys at Law
20
21
                                        By:
22                                            SUSAN L. SCHOENIG
23                                        Attorneys for Defendant Prison Health Services,
                                        Inc.
24
25
26
27
28

**MHA**
McDonough Holland & Allen PC
Attorneys at Law

# EXHIBIT   A



1   Michael C. Cohen, Esq., Bar No. 65487
    LAW OFFICES OF MICHAEL C. COHEN
2   1814 Franklin Street, Suite 900
    Oakland, CA 94612
3   (510) 832-6436

4   Attorneys for Plaintiff

5

6

7

8              SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA

9                          UNLIMITED JURISDICTION

10

11

12

13  MERYL BORDERS-HUMPHREY,              **C 07    0 0 3 7 6**

14            Plaintiff,                 Case No.

15  vs.                                  COMPLAINT FOR VIOLATION OF
                                         STATE STATUTES PROHIBITING
16  PRISON HEALTH SERVICES, INC.         EMPLOYMENT DISCRIMINATION,
    and DOES 1 to 10, inclusive          VIOLATION OF TITLE VII OF THE
17                                       CIVIL RIGHTS ACT, AS AMENDED,
             Defendants.                 VIOLATION OF THE EQUAL PAY
18  _____/            ACT.

19                                       DEMAND FOR JURY TRIAL
                  GENERAL ALLEGATIONS

20       Plaintiff, Meryl Borders-Humphrey, alleges:

21       1.  Plaintiff Meryl Borders-Humphrey (hereinafter referred

22  to as "plaintiff") is an African American woman over eighteen

23  years of age, who at all relevant times alleged herein was

24  employed by Prison Health Services, Inc., and worked in the

25  County of Contra Costa, State of California.

26       2.  Defendant Prison Health Services, Inc. (hereinafter

27  referred to as "defendant") is a business entity, which at all

28                                -1-

1  relevant times alleged herein was doing business in Contra Costa
2  County, State of California.

3      3.   Defendant, at all relevant times alleged herein was
4  plaintiff's employer as defined by the California Government
5  Code, and subject to suit under the California Fair Employment
6  and Housing Act, Government Code $12900 et seq.

7      4.   Plaintiff is ignorant of the true names and capacities
8  of the defendants sued herein as DOES 1 to 10, inclusive and
9  therefore sues these defendants by such fictitious names.
10  Plaintiff will amend this complaint to allege their true names
11  and capacities when ascertained.  Plaintiff is informed and
12  believes and thereon alleges that each of the fictitiously named
13  defendants is responsible as hereinafter shown for the
14  occurrences and injuries alleged in this complaint.

15      5.   Plaintiff is informed and believes, and thereon alleges,
16  that at all times herein mentioned, each Doe, defendant named
17  herein was the agent and/or employee of the remaining Doe
18  defendants, and in doing the things hereinafter alleged, was
19  acting within the course and scope of such agency and/or
20  employment.

21      6.   The unlawful employment practices complained of herein
22  occurred in Contra Costa County, State of California.

23      7.   Plaintiff is a person protected by the California Fair
24  Employment and Housing Act, Government Code §§ 12926, 12940 et
25  seq., in that she is an African American woman, a member of a
26  racial minority group; she is over weight; her employer perceived
27  her as having a disability because she was over weight, defendant

28                            -2-

1   falsely accused plaintiff of wrongful conduct in retaliation for
2   plaintiff's prior complaints to defendant about defendant's
3   failure and refusal to pay plaintiff night differential pay for
4   work plaintiff performed for defendant at night.

5       8.   Plaintiff at all times alleged herein, except as
6   otherwise alleged herein, was employed by Prison Health Services,
7   Inc.  She reasonably and satisfactorily performed all of her job
8   duties, and conditions of her said employment, with reasonable
9   competence until defendant terminated her employment without just
10  cause.

11      9.   Barbara Chambers a managerial employee of defendant,
12  has been harassing and or discriminating against plaintiff since
13  September 2005, and continuing.  On May 19, 2006, defendant
14  arbitrarily terminated plaintiff's employment.  Defendant
15  terminated plaintiff's employment to discriminate and or harass
16  plaintiff to cause plaintiff to suffer emotional distress, severe
17  emotional distress and to cause plaintiff to lose income, because
18  of plaintiff's race, (African American), and or her weight, (over
19  weight), and or defendant's perceived disability because of
20  plaintiff's weight, and or to retaliate against plaintiff because
21  of plaintiff's prior complaints against defendant for alleged
22  discrimination based on defendant's failure to pay plaintiff
23  night differential pay for night time work plaintiff performed
24  for defendant.

25      10.  On or about May 19, 2006, defendant falsely stated that
26  it terminated plaintiff's employment for just cause, allegedly
27  due to her "failure to perform job duties as required.  On 4-11-

28                              -3-

1.   06 you failed to assess an inmate having a seizure on the
2. transportation bus at GDDF. On 5-5-06 you were observed sleeping
3. on the job and as a result of your sleeping on the job, the job
4. duties required of you during that shift were not performed.
5. These occurrences combined establish a pattern of behavior that
6. is not acceptable.

7.     The instances stated above are considered just cause for
8. termination.

9.     On 12-29-05 you failed to treat an inmate on the concrete
10. floor at GDDF suffering from a bleeding head injury due to a
11. seizure episode."

12.     11.  Defendant's stated reason for terminating plaintiff's
13. employment is a pretext.

14.     12.  At all relevant times alleged herein, the acts of
15. defendant and failure to act, alleged herein were done by
16. employees and or agents of defendant, acting in the course and
17. scope of said employment and or agency.

18.     13.  Plaintiff is informed and believes and thereon alleges
19. that at all relevant times alleged herein, the acts of defendant
20. and failure to acts, alleged herein were done by managerial
21. employees of defendant, acting in the course and scope of said
22. employment and or agency.

23.     14.  At all relevant times alleged herein, defendant knew or
24. should have known that its employee(s), were unlawfully
25. discriminating and or harassing plaintiff, because of plaintiff's
26. race, and or plaintiff's perceived disability, and or retaliating
27. against plaintiff because of plaintiff's prior complaint against
28.

-4-

1. defendant for defendant's alleged failure to pay plaintiff night
2. differential pay for work plaintiff provided to defendant at
3. night, and defendant failed and refused to take all reasonable
4. actions to stop the discrimination, and or harassment and or
5. retaliation from occurring.

6.     15.  The actions and failures to act of defendant and DOES
7. 1 to 5, inclusive, and each of them, were severe and pervasive
8. such that it created a hostile work environment for plaintiff.

9.     16.  Defendant and DOES 1 to 5, inclusive, and each of them,
10. despite knowledge and or adequate opportunity to learn of the
11. misconduct of its agents and or employees, retained said
12. defendants, agents and or employees in its service, and
13. thereafter adopted, approved and ratified the acts, omissions and
14. misconduct of said defendants.

15.     17.  As a proximate cause of the alleged acts of defendant
16. and DOES 1 to 5, inclusive's, and each of them, plaintiff has
17. suffered pain and emotional distress, severe emotional distress,
18. lost income and wages, and is reasonably certain to lose income
19. and wages in the future, incurred medical expenses, and other
20. incidental and out-of-pocket expenses, all to plaintiff's damage
21. in an amount to be shown according to proof at trial.

22.     18.  Plaintiff hereby demands a jury trial on the claims
23. stated herein this complaint.

24.             **FIRST CAUSE OF ACTION**

25.        **GOVERNMENT CODE §§12920, 12921, and 12940 et seq.**

26.     19.  Plaintiff realleges and incorporates by reference
27. Paragraphs 1 through 18 of the Complaint as though fully set

28.                          -5-

1. forth at length herein.

2.     20.   Defendant violated California Government Code Section
3. 12920, 12921, 12940 et seq., (a)(f), and California Constitution,
4. by doing the acts alleged herein; said acts included but are not
5. limited to:

6.     a. Discriminating against plaintiff on the job because of
7. plaintiff's race, and or perceived disability, weight, and or in
8. retaliation for plaintiff's prior complaints of discrimination;

9.     b. Harassing plaintiff on the job by creating a hostile work
10. environment for plaintiff, because of plaintiff's race, and or
11. perceived disability, weight, and or in retaliation for
12. plaintiff's prior complaints of discrimination;

13.     c. Terminating plaintiff's employment because of plaintiff's
14. her race, and or perceived disability, weight, and or in
15. retaliation for plaintiff's prior complaints of discrimination;

16.     d. Failing to take immediate and appropriate corrective
17. action to remedy the unlawful employment
18. discrimination/harassment or retaliation;

19.     e. Failing to take all reasonable steps necessary to prevent
20. unlawful discrimination, harassment or retaliation from occurring
21. on the job;

22.     21.   Prior to filing her lawsuit herein, plaintiff timely
23. filed a complaint with Department of Fair Employment & Housing,
24. (hereinafter referred to as DFEH). A copy of plaintiff's
25. complaint is marked Exhibit A, attached hereto and incorporated
26. herein by this reference.

27.     22.   Prior to filing her lawsuit herein, plaintiff received

28.                                 -6-

1  a. "Right To Sue Letter" from DFEH. A copy of the Right To Sue
2  Letter is marked Exhibit B, attached hereto and incorporated
3  herein by this reference.

4      23.  Plaintiff filed her lawsuit herein within one year of
5  the date she received the DFEH Right To Sue Letter.

6      24.  Plaintiff exhausted her administrative remedy prior to
7  filing her lawsuit herein.

8      25.  The conduct of defendants, and each of them, alleged
9  herein was willful, wanton, malicious, and oppressive, in that
10 defendant know or should have known that its conduct was
11 unreasonable and or illegal.  Furthermore, defendant's acts were
12 carried out in willful and conscious disregard of plaintiff's
13 rights and well-being such as to constitute malicious, despicable
14 conduct within the meaning of California Civil Code §3294,
15 entitling plaintiff to punitive damages in an amount appropriate
16 to punish or make an example of defendants.

17     26.  Defendant's conduct proximately caused plaintiff to
18 retain an attorney to represent her and to incur attorney fees.

19                SECOND CAUSE OF ACTION
20           VIOLATION OF TITLE VII; AMERICANS WITH
21                   DISABILITIES ACT

22     27.  Plaintiff realleges, and incorporates by reference,
23 Paragraphs 1 through 18, 25, 26 of the Complaint as though fully
24 set forth at length herein.

25     28.  Defendant violated Title VII of the Civil Rights Act of
26 1964, as amended; American With Disabilities Act, by doing the
27 acts alleged herein; said acts included but are not limited to:

28                        -7-

1.     . . a. Discriminating against plaintiff on the job because of

2  plaintiff's race, and or perceived disability, weight, and or in

3  retaliation for plaintiff's prior complaints of discrimination;

4      b. Harassing plaintiff on the job by creating a hostile work

5  environment for plaintiff, because of plaintiff's race, and or

6  perceived disability, weight, and or in retaliation for

7  plaintiff's prior complaints of discrimination;

8      c. Terminating plaintiff's employment because of plaintiff's

9  her race, and or perceived disability, weight, and or in

10  retaliation for plaintiff's prior complaints of discrimination;

11      d. Failing to take immediate and appropriate corrective

12  action to remedy the unlawful employment

13  discrimination/harassment or retaliation;

14      e. Failing to take all reasonable steps necessary to prevent

15  unlawful discrimination, harassment or retaliation from occurring

16  on the job;

17      29.  Prior to filing her lawsuit herein, plaintiff timely

18  filed a complaint with Equal Employment Opportunity Commission,

19  (hereinafter referred to as EEOC). A copy of plaintiff's

20  complaint is marked Exhibit A, attached hereto and incorporated

21  herein by this reference.

22      30.  Prior to filing her lawsuit herein, plaintiff received

23  a "Right To Sue Letter" from EEOC. A copy of the Right To Sue

24  Letter is marked Exhibit B, attached hereto and incorporated

25  herein by this reference.

26      31.  Plaintiff filed her lawsuit herein within ninety days

27  of the date she received the EEOC Right To Sue Letter.

28                              -8-

32.  Plaintiff exhausted her administrative remedy prior to filing her lawsuit herein.

### THIRD CAUSE OF ACTION

### VIOLATION OF EQUAL PAY ACT

33.  Plaintiff realleges, and incorporates by reference, Paragraphs 1 through 18, 25, 26 of the Complaint as though fully set forth at length herein.

34.  Plaintiff worked at night time for defendant and was entitled to night time differential pay from defendant.

35.  Defendant refused to pay plaintiff night time differential pay for which plaintiff was entitled to receive.

36.  Plaintiff is informed and believes and thereon alleges that defendant was paying night differential pay to other employees similar situated as plaintiff at the time it was refusing to pay plaintiff night differential pay.

### PRAYER

WHEREFORE, Plaintiff prays for judgement against all Defendants, and each of them as follows:

1.  Compensatory and special damages, including damages for mental and emotional distress, in an amount to be determined at the time of trial;

2.  Lost income, past and future;

3.  Punitive and exemplary damages in an amount appropriate to punish and make an example of the Defendants sued individually and in to be determined at trial;

4.  Reasonable attorney fees;

5.  Cost of suit incurred herein;

-9-

1    6.   Pre⁻ ⁻ment interest at the legal rate on the amount of

2  Plaintiff's ¹   ages and employment benefits; and

3    7.   Suci. .ther and further relief as the Court deems just

4  and proper.

5  Dated: March ⁻ ⁻⁻07          LAW OFFICES OF MICHAEL C. COHEN

6

7                              By: _____
                                      MICHAEL C. COHEN,
8                                     Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          -10-

EEOC CHARGE # 555-2007-00154
CHARGING PARTY: BORDERS-HUMPHREY, Mery.
RESPONDENT: Prison Health Services

EEOC COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
AGAINST PRISON HEALTH SERVICES, INC. & DFEH COMPLAINT

**COMPLAINANT:**
Meryl Borders Humphrey
1230-10th Street
Oakland, CA 94607
tele. No. 510-268-8242

**RECEIVED**

DEC 0 4 2006

**EEOC - OLO**

**EMPLOYER:**
Prison Health Services, Inc.
5325 Broder Blvd.
**Dublin, CA 94568**

**ADDRESS TO WHERE NOTICES SHOULD BE SENT:**
Michael C. Cohen, Esq.
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612
tele. No. 510-832-6436

**DATE OF LATEST INCIDENT:** May 19, 2006

**FACTS GIVING RISE TO CLAIMANT'S CLAIM AGAINST EMPLOYER:**

Barbara Chambers has been harassing claimant since September 2005.
On May 19, 2006, claimant's employer arbitrarily terminated claimant's employment.
The employer claimed that it terminated claimant's employment for just cause, allegedly due to
her "failure to perform job duties as required. On 4-11-06 you failed to assess an inmate having
a seizure on the transportation bus at GDDF. On 5-5-6 you were observed sleeping on the job
and as a result of your sleeping on the job, the job duties required of you during that shift were
not performed. These occurrences combined establish a pattern of behavior that is not
acceptable.

The instances stated above are considered just cause for termination.

On 12-29-05 you failed to treat an inmate on the concrete floor at GDDF suffering from a
bleeding head injury due to a seizure episode."

The employer's stated reason for terminating claimant is a pretext. The employer

*EXHIBIT A*

11616817.tif - 4/6/2007 3:08:56 PM

EEOC CHARGE #555-2007-00154
CHARGING PARTY: BORDERS-HUMPHREY, Meryl
RESPONDENT: Prison Health Services

EEOC Complaint & DFEH Complaint
Meryl L. Borders-Humphrey
November 14, 2006

terminated claimant's employment to discriminate against claimant and harass claimant and to cause claimant to suffer emotional distress, severe emotional distress and to lose income, because of claimant's race, (African American), weight, (over weight), claimant's perceived disability (over weight), and or in retaliation against claimant for claimant's prior lawsuit against employer for alleged discrimination based on the employer's failure to pay claimant night differential pay. The employer acted willfully with malice. See attached declaration incorporated herein.

I declare under penalty of perjury pursuant to the laws of the state of California and the laws of the United States of America that the statements herein are true and correct from my personal knowledge. This declaration was executed in Oakland, California on November 14, 2006.

Meryl L. Borders-Humphrey

**RECEIVED**

DEC 0 4 2006

**EEOC - OLO**

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____

EEOC CHARGE # 555-2007-00151

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

Meryl Borders-Humphrey

TELEPHONE NUMBER (INC

ADDRESS

1230-10th Street

CITY/STATE/ZIP    Oakland, CA 94607    COUNTY

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME    Prison Health Services, Inc.    TELEPHONE NUMBER (In

ADDRESS    5325 Broder Blvd.    DFEH US

CITY/STATE/ZIP    Dublin, CA 94568    COUNTY    COUNTY

NO. OF EMPLOYEES/MEMBERS (if known)    over 50

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)    May 19, 2006    RESPONDEN

THE PARTICULARS ARE:

On __May 19, 2006__ I was

- [X] fired
- [ ] laid off
- [ ] demoted
- [X] harassed
- [ ] genetic characteristics testing
- [ ] forced to quit
- [ ] denied employment
- [ ] denied promotion
- [ ] denied transfer
- [ ] denied accommodation
- [ ] impermissible non-job-related inquiry
- [ ] other (specify)_____
- [ ] denied family or medic
- [ ] denied pregnancy leave
- [ ] denied equal pay
- [ ] denied right to wear pa
- [ ] denied pregnancy accom

by __Barbara Chambers, Lenore Gilbert__

Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of my:

- [ ] sex
- [ ] age
- [ ] religion
- [X] race/color
- [ ] national origin/ancestry
- [ ] marital status
- [ ] sexual orientation
- [ ] association
- [X] physical disability
- [ ] mental disability
- [ ] cancer
- [ ] genetic characteristic
- [X] other (specify) Perceived condition, over weigh

(Circle one) filing/
protesting; participating in
investigation (retaliation for)

the reason given by __Lenore Gilbert__

Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

See attached declaration incorporated herein.

See attached declaration incorporated herein.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process a reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated    11/14/06

At    Oakland, CA
City

COMPLAINANT'S SIGNATURE

RECEIVED

DEC 04 2006

EEOC - OLO

DATE FILED:

DFEH-300-03 (01/03)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNI

11616817.tif - 4/6/2007 3:08:55 PM

STATE OF CALIFORNIA - State and Consumer Services Agency

ARNOLD SCHWARZENEGGER, Gov

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ 1001 Tower Way, Suite 260
**H** Bakersfield, CA 93309
(661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
**C** Fresno, CA 93710
(559) 244-4760

☐ 611 West Sixth Street, Suite 1500
**S/T** Los Angeles, CA 90017
(213) 439-6799

☒ 1515 Clay Street, Suite 701
**M** Oakland, CA 94612
(510) 622-2941

☐ 2000 "O" Street, Suite 120
**E** Sacramento, CA 95814
(916) 445-5523

☐ 1350 Front Street, Suite 3005
**D** San Diego, CA 92101
(619) 645-2681

☐ San Francisco District Office
**A** 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ 111 North Market Street, Suite 810
**G** San Jose, CA 95113
(408) 277-1277

☐ 2101 East Fourth Street, Suite 255-B
**K** Santa Ana, CA 92705
(714) 558-4266

**EEOC Number:**   555-2007-00154

**Case Name:**   Meryl L. Borders-Humphrey v. Prison Health Services

**Date:**   December 4, 2006

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

*EXHIBIT B*

----11616817.tif - 4/6/2007 3:08:55 PM

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Meryl L. Borders-Humphrey
C/O Michael C. Cohen
1814 Franklin St, Ste.900
Oakland, CA 94607

From: Oakland Local Office - 555
1301 Clay Street
Suite 1170-N
Oakland, CA 94612

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2007-00154 | Julian F. Melendres,
Investigator Support Asst | (510) 637-3242 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Joyce Hendy* (signature)

**Joyce A. Hendy,**
Director

12/4/06
*(Date Mailed)*

Enclosures(s)

cc:    Chief Executive Officer
PRISON HEALTH SERVICES
105 Westpark Drive, Ste 200
Brentwood, TN 37027

Michael C. Cohen, Esq.
1814 Franklin St, Ste.900
Oakland, CA 94612

*EXHIBIT C*

11616817.tif - 4/5/2007 3:08:55 PM

# EXHIBIT  B

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO) :*
PRISON HEALTH SERVICES, INC., DOES 1 TO 10,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE) :*
MERYL BORDERS-HUMPHREY



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 MAR -1 P 2: 50

K TORRE CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CAL.
BY_____
C. AGUILAR-JACALA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* 00376 |
|---|---|

Superior Court of Contra Costa County
725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael C. Cohen, Esq.   65487      LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900     Oakland, CA 94612
510-832-6436

DATE: **MAR 1 - 2007**        Clerk, by _____C. AGUILAR-JACALA_____ , Deputy
*(Fecha)*               *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☑ on behalf of *(specify)* : *Prison Health Services, Inc.*
   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
Maria Dean's Essential Forms ™

Code of Civil Procedure §§ 412.20, 465

Border-Humphrey v. Prison Health

11616816.tif - 4/6/2007 3:01:54 PM

# EXHIBIT  C

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/10/2007
Log Number 512120802

**TO:**   Rhea Garrett
Prison Health Services, Inc.
105 Westpark Drive, Suite 200
Brentwood, TN, 37027

**RE:**   **Process Served in California**

**FOR:**   PRISON HEALTH SERVICES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**   Meryl Border-Humphrey, Pltf. vs. Prison Health Services, Inc., et al., Dfts.

**DOCUMENT(S) SERVED:**   Summons, Complaint, Exhibit, Notice of Case Management Conference, Case
Management Statement Form, Notice, Stipulation and Order(Proposed) Form

**COURT/AGENCY:**   Contra Costa County, Martinez, Superior Court of California, CA
Case # C0700376

**NATURE OF ACTION:**   Employee Litigation - Harassment - Resulting on wrongful termination on or about
May 19, 2006

**ON WHOM PROCESS WAS SERVED:**   C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:**   By Process Server on 04/10/2007 at 15:40

**APPEARANCE OR ANSWER DUE:**   Within 30 days after service - file written response // July 18, 2007 at 8:30 a.m. - Case
Management Conference

**ATTORNEY(S) / SENDER(S):**   Michael C. Cohen
Law Offices of Michael C. Cohen
1814 Franklin Street
Suite 900
Oakland, CA, 94612
510-832-6436

**ACTION ITEMS:**   SOP Papers with Transmittal, via  Fed Ex 2 Day, 790222195456
Image SOP - Page(s): 28
Email Notification, Lisa Smith smithls@asgr.com
Email Notification, Kim Jay jaykimb@asgr.com

**SIGNED:**   C T Corporation System
**PER:**   Dianne Christman
**ADDRESS:**   818 West Seventh Street
Los Angeles, CA, 90017
**TELEPHONE:**   213-337-4615

Page 1 of  1 / VR

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

# EXHIBIT  D

SUPERIOR COURT - MARTINE.
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

MERYL B HUMPHREY VS. PRISON HEALTH SVC

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC07-00376

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  07/18/07       DEPT:  30       TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  03/01/07          _____

                              C. JACALA, Deputy Clerk

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE ☐ LIMITED CASE<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)           or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:              Div.:              Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

11616822.tif – 4/6/2007 4:51:28 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

11616822 EF - 4/6/2007 4:51:28 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10, d.    The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*


   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*


11. Settlement conference
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*


12. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*


13. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

14. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

15. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*


16. Other motions
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*


**CASE MANAGEMENT STATEMENT**    Page 3 of 4

11616822.tif - 4/5/2007 4:51:28 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|

   c. ☐ The following discovery issues are anticipated *(specify):*

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

19. **Other Issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

21. **Case management orders**
   Previous case management orders in this case are *(check one):*   ☐ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY)
                                          ☐ Additional signatures are attached

11616822.tif - 4/6/2007 4:51:28 PM

Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS in Unlimited Jurisdiction Civil Cases

**YOU ARE BEING SUED.** This packet should contain the following papers:

- a. The *Summons*
- b. The *Complaint*
- c. The *Notice of Case Management Conference* (shows hearing date and time)
- d. Blank: *Case Management Conference Statement* (Judicial Council form CM-110)
- e. Alternative Dispute Resolution (ADR) Information sheet
- f. Blank: *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days*

**NOTE: The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.**

---

　　## WHAT DO I DO NOW?

You Must:

1. **Complete the <u>Case Management Conference Statement</u>** (CM-110)
2. **File a response** (See other side of page)
3. **Appear in Court on the date and time given in the <u>Notice of Case Management Conference</u>.**
4. **File and serve your court papers on time.**

**IMPORTANT!** YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME. If you were served in person you have to file your response in 30 days. If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. If you do not file a response in time, the case can be decided against you—even before it is heard by a judge or before you can defend yourself.

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms 982(a)(17)(A) [information sheet]; 982(a)(17) [application]; and 982(a)(18) [order].

**FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

---

### YOU MUST FILE AND SERVE YOUR COURT PAPERS

You <u>must</u> file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you <u>must</u> file with the court promptly.

---

### ARE THERE ALTERNATIVES TO GOING TO TRIAL?

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>Stipulation to Attend ADR and Delay First Case Management Conference 90 Days</u> can be filed with your other papers. For more information read the enclosed ADR Information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

---

## WHAT KIND OF RESPONSES CAN I FILE?

- If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.
- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.
- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

---

### HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not. You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
   a. For personal injury, property damage, and wrongful death claims, use Judicial Council form 982.1(15)
   b. For contract claims, use Judicial Council form 982.1(35)
   Answers for other types of claims do not have Judicial Council forms and you will have to write your own.
2. Complaints that are verified usually require Answers with Specific Denials. There are no Judicial Council forms for these. You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

---

All answers include:

1. **The Denial**    General Denial: *Use the correct Judicial Council form (see the forms listed above)*
   **OR**
   Specific Denial: *Be sure to deny every claim that you disagree with. For example, you might write:*
   *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."*
   *Continue your list until you have addressed each paragraph in the Complaint.*

2. **Affirmative Defenses**    *The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.*

3. **The Prayer or Relief**    *Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.*

---

**Be sure to include all defenses in the Answer, or you may not be able to use them later in the case.**
**If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.**

---

### TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(something is wrong with the facts stated in the complaint or it's too late to file);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

**NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.**

---

### WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:    (866) 442-2529
- Bay Legal:    (800) 551-5554
- Contra Costa County Law Library    Martinez: (925) 646-2763    Richmond: (510) 374-3019
- Ask the Law Librarian:    www.247ref.org/portal/access_law3.cfm

11616821.tif - 4/6/2007 4:36:57 PM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF CONTRA COSTA**

_____

_____
                        Plaintiff(s)
            vs.

_____

_____     ***Stipulation and Order*** to Attend ADR and Delay
                        Defendant(s)    ***First Case Management Conference 90 Days***

Case No.:_____ Date complaint filed: _____  First case management conference set for:_____

---

▸ **ALL PARTIES MUST SIGN THIS FORM** AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553

▸ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

---

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☒one]:

☐ Judicial mediation          ☐ Judicial arbitration          ☐ Neutral case evaluation

☐ Private mediation          ☐ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | | _____ | |
| Signature | | Signature | |
| _____ | _____ | _____ | _____ |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | | _____ | |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for_____ at (8:30 a.m. / _____) Plaintiff's counsel must notify all parties of the case management conference.

Dated: _____

                              _____
                              ***Judge of the Superior Court***



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110);*
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.contracostacourts.org/adr

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

11616822.6f - 4/6/2007 4:61:28 PM