DAVID A. WOLF, ESQ. (124460)
SUSAN L. SCHOENIG, ESQ. (91048)
LAURA J. FOWLER, ESQ. (186097)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.3249

Attorneys for Prison Health Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERYL BORDERS-HUMPHREY, | Case No. C 07-02516 EDL |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | |
| PRISON HEALTH SERVICES, INC., and DOES 1 through 10, | |
| Defendants. | |

Defendant Prison Health Services, Inc. ("Defendant") answers the Complaint filed by Plaintiff Meryl Borders-Humphrey ("Plaintiff") and alleges as follows:

1.    In answering paragraph 1, Defendant admits that Plaintiff is an African American woman over eighteen years of age.  Defendant further admits that Plaintiff is a former employee of Prison Health Services, Inc.  Defendant denies that Plaintiff worked in Contra Costa county.  Plaintiff was assigned to work at the Glenn Dyer Detention Facility located in Oakland, which is within Alameda County in California.

2.    Answering paragraph 2, Defendant admits that it is a corporation organized under the laws of the state of Delaware.  Defendant denies any and all remaining allegations contained in paragraph 2.

3. Answering paragraph 3, Defendant admits that it was Plaintiff's employer for a period of time. Defendant denies any and all remaining allegations contained in paragraph 3 on the ground that they call for legal conclusions.

4. Defendant is without information or belief sufficient to enable it to answer the allegations contained in paragraph 4 of the Complaint, and, on that basis, denies all of the allegations contained therein.

5. Defendant is without information or belief sufficient to enable it to answer the allegations contained in paragraph 5 of the Complaint, and, on that basis, denies all of the allegations contained therein.

6. Defendant denies each and every allegation contained in paragraph 6. Defendant further alleges that it did not engage in any unlawful employment practices whatsoever.

7. In answering paragraph 7, Defendant admits that Plaintiff is an African American woman. To the extent this paragraph refers to the scope of the California Fair Employment and Housing Act, those allegations call for a legal conclusion and need not be admitted or denied. With respect to any remaining factual allegations contained in paragraph 7, Defendant denies each and every one of them. Defendant specifically denies that it engaged in any wrongful conduct with respect to Plaintiff's employment.

8. In answering paragraph 8, Defendant admits that it was Plaintiff's previous employer. Defendant denies each and every remaining allegation of paragraph 8. Defendant alleges that Plaintiff encountered serious performance deficiencies during the course of her employment and, on that basis, was terminated.

9. In answering paragraph 9, Defendant admits that Barbara Chambers is a current employee of Defendant. Defendant denies each and every remaining allegation contained in paragraph 9. Defendant specifically denies that Chambers has engaged in any actionable conduct whatsoever regarding Plaintiff.

10. In answering paragraph 10, Defendant admits that Plaintiff was terminated on or about May 19, 2006. Defendant denies each and every remaining allegation of paragraph 10.

///

Defendant alleges that it had good and sufficient cause to terminate Plaintiff's employment due to legitimate performance problems.

11. Defendant denies any and all allegations contained in paragraph 11.

12. To the extent the allegations of this paragraph pertain to the scope and application of the respondeat superior doctrine, that calls for a legal conclusion and need not be admitted or denied. To the extent paragraph 12 contains any factual allegations, Defendant denies each and every one.

13. Defendant denies any and all allegations contained in paragraph 13.

14. Defendant denies any and all allegations contained in paragraph 14.

15. Defendant denies any and all allegations contained in paragraph 15.

16. Defendant denies any and all allegations contained in paragraph 16.

17. Defendant denies any and all allegations contained in paragraph 17, and further denies that Plaintiff has been damaged in any amount whatsoever.

18. In answering paragraph 18, this paragraph contains no factual allegations and need not be admitted or denied.

19. Answering paragraph 19, Defendant repeats and realleges by this reference their answers and other responses to paragraphs 1 through 18 of the Complaint.

20a-e. Answering paragraphs 20a-e, to the extent these paragraphs calls for a legal conclusion regarding the legal scope of various laws, the allegations need not be admitted or denied. To the extent these paragraphs contain factual allegations, Defendant denies each and every one. Defendant specifically alleges that it did not engage in any wrongful conduct whatsoever with respect to Plaintiff's employment.

21. In answering paragraph 21, Defendant responds that the document attached as Exhibit A speaks for itself. Defendant denies each and every factual allegation contained in this paragraph.

22. In answering paragraph 21, Defendant responds that the document attached as Exhibit B speaks for itself. Defendant denies each and every factual allegation contained in this paragraph.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26, and further denies that Plaintiff has been damaged in any amount whatsoever.

27. Answering paragraph 27, Defendant repeats and realleges by this reference their answers and other responses to paragraphs 1 through 26 of the Complaint.

28a-e. Defendant denies the allegations contained in paragraphs 28a-e, and further denies that it has engaged in any wrongful conduct whatsoever.

29. In answering paragraph 29, Defendant responds that the document attached as Exhibit A speaks for itself. Defendant denies each and every factual allegation contained in this paragraph.

30. In answering paragraph 30, Defendant responds that the document attached as Exhibit B speaks for itself. Defendant denies each and every factual allegation contained in this paragraph.

31. In answering paragraph 21, Defendant responds that the document attached as Exhibit B speaks for itself. Defendant denies each and every factual allegation contained in this paragraph.

32. In answering paragraph 32, Defendant alleges that this paragraph contains a legal conclusion that need not be admitted or denied. To the extent this paragraph contains any factual allegations, Defendant deny each and every one.

33. Answering paragraph 33, Defendant repeats and realleges by this reference its answers and other responses to paragraphs 1-32 of the Complaint.

34. Answering paragraph 34, Defendant admits that Plaintiff was at times assigned to work the night shift. Defendant denies each and every remaining allegation contained in this paragraph.

35. Defendant denies each and every allegation contained in paragraph 35.

36. Defendant denies each and every allegation contained in paragraph 36.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

The complaint, and each purported cause of action alleged therein, fails to state facts sufficient to state a cause of action.

///

///

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

Plaintiff's complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitations, including, but not limited to, the California Government Code section 12965(b) and California Code of Civil Procedure sections 335.1 and 340.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

Plaintiff's complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to adequately and properly exhaust administrative remedies as required by the California Fair Employment and Housing Act.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Contractual Remedies Under the Collective Bargaining Agreement)**

Plaintiff's complaint and each purported cause of action alleged therein, is barred because Plaintiff failed to exhaust her contractual remedies under the collective bargaining agreement between Prison Health Services, Inc. and United Healthcare Workers West/Service Employees International Union which contains a grievance procedure that culminates in final and binding arbitration.

**FIFTH AFFIRMATIVE DEFENSE**
**(Preemption by Workers' Compensation)**

Any causes of action that Plaintiff may have for physical and/or emotional injuries are preempted because of the California Workers' Compensation Act including, but not limited to, California Labor Code Sections 3600 et seq., all of which provide for the sole and exclusive remedies.

**SIXTH AFFIRMATIVE DEFENSE**
**(Preemption by Labor Management Relations Act)**

Any state law causes of action that Plaintiff may have for failure to pay wages and otherwise abide by the terms and conditions of employment contained in the collective bargaining agreement between Prison Health Services, Inc. and United Healthcare Workers West/Service Employees



ANSWER TO COMPLAINT

1011714v1 80135/0017

International Union are preempted by the Labor Management Relations Act and are subject to the jurisdiction of the National Labor Relations Board and/or final and binding arbitration under said collective bargaining agreement.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

This court lacks jurisdiction to adjudicate this dispute, as any causes of action that Plaintiff may have for physical and/or emotional injuries are subject to the exclusive jurisdiction of the Workers' Compensation Appeals Board.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a result of the acts and omissions in the matters relevant to this complaint, Plaintiff has unclean hands and is therefore barred from asserting any causes of action against Defendant.

### NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

Any of the conduct of Defendant or its agents which is alleged to be unlawful was taken as a result of conduct by Plaintiff, and Plaintiff is thus estopped to assert any cause of action against Defendant.

### TENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

Plaintiff's claims are barred, in whole or in part, because of the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Use Preventative Measures)

Plaintiff's purported causes of action under the California Fair Employment and Housing Act, Title VII, the Americans with Disabilities Act are barred in that Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

///

**TWELFTH AFFIRMATIVE DEFENSE**
**(Performance of All Legal Duties)**

Defendants have fully performed any and all contractual, statutory, and other applicable legal duties to Plaintiff, and Plaintiff therefore is estopped to assert any cause of action against Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Absence of Proximate Cause)**

No act, omission, or representation of Defendant was the cause in fact or the proximate cause of Plaintiff's damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Breach of Legal Duty)**

To the extent that Defendant owed any duty of care or other duty to Plaintiff, such duty was not breached.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff has failed to mitigate damages, if in fact any damages have been sustained, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Privilege and Justification)**

Defendant was privileged and justified in acting as it has acted with respect to the matters alleged in the complaint, and accordingly, has no liability in the matters alleged in the complaint, and owes no obligation or liability to Plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Punitive or Exemplary Damages)**

The Complaint, and each purported cause of action alleged therein, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendant.

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Notify of Disability)**

Plaintiff's complaint is barred because she failed to notify Defendant of any alleged disability.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Seniority System)**

Plaintiff's claim under the Equal Pay Act is barred because Plaintiff's compensation was based on a seniority system.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Merit System)**

Plaintiff's claim under the Equal Pay Act is barred because Plaintiff's compensation was based on a legitimate merit system.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Pay Based on a Differential Other Than Sex)**

Plaintiff's claim under the Equal Pay Act is barred because her compensation was based on a differential other than sex.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(System that Measures Earnings by Quality of Production)**

Plaintiff's claim under the Equal Pay Act is barred because Plaintiff's compensation was based on a system that measures earnings by quality of production.

WHEREFORE, Defendant demands judgment as follows:

1. That Plaintiff take nothing by her complaint;
2. For Defendant's reasonable attorney fees;
3. For Defendant's costs; and
4. For such other proper relief as the court deems just.

DATED: May 10, 2007

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____/s/ Laura J. Fowler_____
LAURA J. FOWLER
Attorneys for Defendant Prison Health Services, Inc.