DAVID A. WOLF, ESQ. (124460)
SUSAN L. SCHOENIG, ESQ. (91048)
LAURA J. FOWLER, ESQ. (186097)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.3249

Attorneys for Prison Health Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERYL BORDERS-HUMPHREY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRISON HEALTH SERVICES, INC., and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. C 07-02516 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:　October 19, 2007<br>TIME:　1:30 p.m.<br>PLACE:　Courtroom 2, 17th Floor |

**1.    Jurisdiction and Service:**

This case was timely removed from Contra Costa County Superior Court under 28 U.S.C. § 1441(b).  This court has jurisdiction pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction.  The complaint alleges claims under Title VII, the Americans with Disabilities Act, and the Equal Pay Act.  The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

Defendant Prison Health Services, Inc. was served on April 10, 2007.

**2.    Facts:**

This employment dispute arises out of the following facts:

Facts provided by Plaintiff:

Plaintiff is an African American woman and she is grossly overweight.  Plaintiff started working for defendant, Prison Health Services in May 2002.  During the entire time of her

1  employment, she satisfactorily performed her job duties consistent with Policy and Procedures for
2  nursing staff and nursing protocol.

3      Plaintiff filed a complaint against defendant alleging that defendant discriminated against her
4  by failing to pay her night differential pay.

5      On May 19, 2006, defendant arbitrarily terminated Plaintiff's employment, without just
6  cause, in violation of the defendant's own policy and past practice, because of plaintiff's race, and
7  disability or perceived disability, and/or in retaliation for plaintiff filing a prior complaint of
8  discrimination against defendant.

9      Defendant's stated reason for terminating plaintiff's employment is "failure to perform job
10 duties as required.  On 4-11-06 you failed to assess an inmate having a seizure on the transportation
11 bus at GDDF.  On 5-5-06 you were observed sleeping on the job and as a result of your sleeping on
12 the job, the job duties required of you during that shift were not performed."

13     Defendant's stated reason for terminating plaintiff's employment is a pretext.

14     Defendant's conduct proximately caused plaintiff to suffer emotional distress, lose income
15 and incur attorney fees.

16     <u>Facts provided by Defendant</u>:

17     Plaintiff Meryl Borders-Humphrey ("Plaintiff") was working as a Licensed Vocational Nurse
18 for defendant Prison Health Services, Inc. ("Defendant")  She was assigned to work at the Glenn
19 Dyer Detention Facility in Oakland.  She was disciplined during her employment and ultimately
20 terminated for poor performance.

21     In this lawsuit, Plaintiff alleges three separate claims:  (1) a claim for discrimination (on the
22 basis of perceived disability, weight, and race) and retaliation under the California Fair Employment
23 and Housing Act; (2) a claim for discrimination (on the basis of perceived disability, weight, and
24 race) under Title VII and the Americans with Disabilities Act; and (3) a claim for violation of the
25 federal Equal Pay Act.

26     Defendant denies subjecting Plaintiff to any discrimination or retaliation.  During her
27 employment, Plaintiff was counseled for poor performance on numerous occasions.  She was
28 disciplined for failing to properly treat an inmate and, most recently, was found sleeping on the job.



Joint Case Management Statement                                                                                       1031442v1 80135/0017

1  Defendant's decision to terminate Plaintiff's employment had no connection whatsoever to any
2  perceived disability, to her weight, or to her race.  Moreover, Defendant did not discriminate against
3  Plaintiff on the basis of her wage rate to any degree.  To the contrary, Plaintiff was paid an amount
4  consistent with the applicable collective bargaining agreement.
5      The principal factual issues include:
6      a.    Whether Defendant perceived Plaintiff as disabled.
7      b.    Whether Plaintiff has an actual disability.
8      c.    Whether Defendant has taken any adverse action against Plaintiff on any protected
9  basis.
10      d.    Whether Plaintiff has timely exhausted applicable administrative remedies.
11      e.    Whether any of Plaintiffs' claims are barred by an applicable statute of limitations.
12      f.    Whether Plaintiff has sustained any damages and, if so, in what amount.
13      g.    Whether Defendant had just cause to discipline Plaintiff.
14      h.    Whether Defendant's actions were job-related and consistent with business necessity.
15      i.    Whether Plaintiff took advantage of any preventive or corrective opportunities made
16  available by Defendant.
17      j.    Did Defendant terminate Plaintiff's employment because of plaintiff's race, disability,
18  perceived disability, and/or in retaliation for plaintiff filing a complaint of discrimination?
19      k.    Is Plaintiff's stated reason for terminating Plaintiff's employment a pretext?
20      **3.    Legal Issues:**
21      a.    Whether Plaintiff can state a claim under the Equal Pay Act;
22      b.    Whether Plaintiff qualifies as a individual with a "disability;"
23      **4.    Motions:**
24      Defendant anticipates filing a motion for summary judgment following the close of
25  discovery.
26      **5.    Amendment of Pleadings:**
27      Defendant does not anticipate any amendment of pleadings.
28  / / /



**6.      Evidence Preservation:**

Defendant is not aware of any special efforts that need to be taken with respect to evidence preservation. It is abiding by its customary practices with regard to record retention.

**7.      Disclosures:**

The parties will be exchanging initial disclosures on or before August 7, 2007. These disclosures consist of witnesses who have knowledge of facts which either rebut the material allegations of Plaintiff in this action and/or support Defendant's affirmative defenses. These disclosures also consist of documents that are reasonably available to Defendant and which tend to support Defendant's position in the case.

**8.      Discovery:**

Discovery has not yet commenced in this action. The parties agree to the following discovery plan:

    a.    Deposition of Borders-Humphrey (to be completed in advance of the ENE session).

    b.    Deposition of other percipient witnesses by Defendant (estimated 5-7 individuals)

    c.    Request for Production (by both Plaintiff and Defendant)

    d.    Written Interrogatories (by both Plaintiff and Defendant)

    e.    Requests for Admissions (by both Plaintiff and Defendant)

    f.    Deposition of Barbara Chambers (to be completed prior to ENE session)

    g.    Deposition of percipient witnesses identified by defendant.

    h.    Deposition of Defendant's person most knowledgeable about the facts supporting defendants stated reason for terminating Plaintiff's employment (to be completed prior to ENE session).

    i.    Defendant may offer expert testimony regarding whether Plaintiff has sustained any emotional damages, whether she has reasonably mitigated her economic damages, and whether Defendant acted accordingly in addressing her disciplinary issues.

/ / /



   j. Plaintiff intends to discover the addresses and telephone numbers of some of the witnesses she may call to testify at trial.

   k. Plaintiff may offer expert witness testimony to prove the nature and extent of her claim for emotional distress.

No changes to the Rule 26(a) disclosures are necessary. Required disclosures will be made as agreed by the parties.

**9.** **Class Actions:**

This case is not a class action.

**10.** **Related Cases:**

Defendant is not aware of any related cases pending in this court.

**11.** **Relief:**

Plaintiff is seeking damages for emotional distress and for lost income from the date her employment was terminated until the present date and future lost income. Plaintiff has suffered tremendous emotional distress. Her emotional distress damage claim is $1,500,000.00; her wage loss claim is $70,400.00 as of August 19, 2007. Her future wage loss claim for one year is $57,200.00. Her punitive damage claim is $1,000,000.00.

Defendant disputes that Plaintiff has sustained any economic or emotional damages whatsoever. Defendant further disputes that, even if Plaintiff has sustained any such damages, they are not attributable to any actions or omissions by Defendant.

**12.** **Settlement and ADR:**

The parties have filed a Stipulation and Proposed Order Selecting an ADR Process. The parties request an Early Neutral Evaluation, to be conducted following Plaintiff's deposition.

**13.** **Consent to Magistrate Judge For All Purposes:**

Defendant does not consent to a magistrate judge for all purposes and hereby requests reassignment to a district judge.

**14.** **Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

5
Joint Case Management Statement  1031442v1 80135/0017

15. **Narrowing of Issues:**

The parties are not aware of any issues that can be narrowed.

16. **Expedited Schedule:**

This case need not be handled on an expedited basis with streamlined procedures.

17. **Scheduling:**

The parties propose the following dates/deadlines:

    Designation of experts:  May 2008

    Discovery cutoff:  May 2008

    Hearing of dispositive motions:  August 2008

    Pretrial conference:  September 2008

    Trial:  October 2008

18. **Trial:**

The parties estimate that the trial will take 5-7 court days.

19. **Disclosure of Non-party Interested Entities or Persons:**

Prison Health Services has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

20. **Other Matters:**

The parties are not aware of any other matters.

DATED: August 7, 2007

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law

By: _____/s/ Laura J. Fowler_____
            LAURA J. FOWLER

Attorneys for Defendant Prison Health Services, Inc.

DATED: August 7, 2007

LAW OFFICES OF MICHAEL C. COHEN

By: _____/s/ Michael C. Cohen_____
            MICHAEL C. COHEN

Attorneys for Plaintiff Meryl Borders-Humphrey