Case 3:07-cv-02516-JSW   Document 17   Filed 09/19/2007   Page 1 of 2



# LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

September 19, 2007

AnnaMary E. Gannon
Direct: 415.399.8481
Direct Fax: 415.680.2313
agannon@littler.com

*By Electronic Transmission
and First Class Mail*

| | |
|---|---|
| Mr. Michael C. Cohen<br>Law Offices of Michael C. Cohen<br>1814 Franklin Street, Suite 900<br>Oakland, California 94612 | mcohen@cohenlegalfirm.com |
| Mr. David A. Wolf<br>Ms. Susan L. Schoenig<br>Ms. Laura J. Fowler<br>McDonough Holland & Allen PC<br>555 Capitol Mall, 9th Floor<br>Sacramento, California 95814 | dwolf@mhalaw.com<br>sschoenig@mhalaw.com<br>lfowler@mhalaw.com |

Re:  Meryl Borders-Humphrey v. Prison Health Services, Inc.
     U.S.D.C. N.D. Ca. C07-02516 JSW

Dear Counsel:

    This will confirm that we have scheduled the ENE session in this case for October 19, 2007. We will meet at my offices beginning at 10:00 a.m. We agreed to keep the whole day available to allow the session to continue as long as it is being productive.

    Please make sure that the written statements described in ADR L.R. 5-8 are exchanged and in my office in advance of the session. They may be transmitted electronically (as a Word document or in pdf format), by facsimile transmission, or regular mail. Please include any key documents you feel I should review. The more focused the written statements are regarding the facts and legal issues in the case, the better prepared we will all be and the more meaningful the ENE session will be. While I encourage you to exchange your ENE statements, if for strategic reasons you prefer not to do so, I defer to your professional judgments. If you elect not to provide your ENE statement to opposing counsel, please advise me of that.

    As I stated in the conference, I have substantial employment discrimination experience. Here, however, I would appreciate briefing on those court decisions, particularly in the Ninth Circuit and California state courts, that have addressed whether obesity is, or under what circumstances obesity may be, a disability within the meaning of the ADA and FEHA. While I need not know Ms. Borders-Humphrey's weight, it might be

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com

Mr. Michael C. Cohen
Mr. David A. Wolf
Ms. Susan L. Schoenig
Ms. Laura J. Fowler
September 19, 2007
Page 2

useful to know if she is overweight, obese, or morbidly obese. To the extent there is evidence that there is a physiological cause for Ms. Borders-Humphrey's obesity, *or* if she intends to present evidence that obesity always has a physiological cause because of the nature of the disorder, a preview of such evidence would be useful, although I appreciate that it is unlikely experts have been retained at this stage of the litigation. This request should not be viewed as my assessment of what are the key issues, but rather, an admission that I have not looked at the case law on this topic in some time.

Please arrange for your clients' attendance, as well as representatives of any insurance carrier, if applicable.

Please prepare for the session by discussing each of the following items with your client:

- The strengths and weaknesses of your case

- The probable outcome if the case proceeds to trial

- Your plans for discovery and motions (Ms. Fowler kindly provided me with a copy of the Joint Case Management Conference Statement so I have an understanding of what discovery and motions are contemplated, but your respective clients should also have an appreciation for the discovery process)

- Your client's goals, needs, and priorities

- Your client's best and worst alternatives to a negotiated settlement

- Your estimated budget to litigate the case through trial

As we discussed, I will expect each side to make a presentation, lasting no more than one hour, of her or its case, identifying what evidence there is, or you reasonably expect to discover, to support your legal theories. There will be no formal direct or cross-examinations, but you may choose to have your clients participate (or not participate) in the presentation.

I look forward to working with you and your clients.

Sincerely,

AnnaMary E. Gannon

cc:  Alice M. Fiel, ADR Case Administrator - Alice_Fiel@cand.uscourts.gov
Firmwide:83124577.1 999999.2181